[L. A. No. 3300.    In Bank.—March 4, 1915.]

## MARIA DOLORES D. DE WATSON, Respondent, v. SAN PEDRO, LOS ANGELES AND SALT LAKE RAILROAD COMPANY (a Corporation), Appellant.

DEED—CONFLICTING DESCRIPTIONS—ADVERSE POSSESSION.—*Wheatley* v. *San Pedro, Los Angeles and Salt Lake Railroad Company, ante,* p. 505, approved and followed in the determination of the similar questions involved in this case.

ID.—IRREGULAR BOUNDARY—HIGH TIDE OF BAY—MEANDER LINE GIVING STRAIGHT COURSES.—Where an irregular boundary of a tract of land, such as the actual high-tide line of a bay, is located by means of a meander line giving straight courses from point to point along the irregular line to be located thereby, the boundary extends to the irregular natural object which is meandered by the straight courses.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

A. S. Halsted, W. F. Palmer, F. A. Waters, and Wilfred M. Peck, for Appellant.

Woodruff & McClure, and Frank D. McClure, for Respondent.

THE COURT.—With one exception, the questions in this case are the same as those considered and decided in *Wheatley* v. *San Pedro, Los Angeles & Salt Lake Railroad Company* (L. A. No. 3299), *ante,* p. 505, [147 Pac. 135], this day decided. Upon the authority of that case those questions are determined against the appellant.

In this case the plaintiff was one of the grantors in a deed under which the appellant derives title. From this fact the appellant makes the additional point that she is estopped by her deed to assert a claim to the land in controversy. This proposition is based upon the theory that the deed executed by her conveyed title to the grantee to the strip of land between the straight line from B to C referred to in the opinion in the Wheatley case and the tide line to the south of it.

This claim is without foundation. The northerly boundary of the land described in her deed to the Terminal Land Company was not, as appellant claims, the straight line extending from B to C, but was the south boundary of Wilmington itself, that is to say, the actual high tide line of the bay. That deed presents the familiar case of an irregular boundary located by means of a meander line giving straight courses from point to point along the irregular line to be located thereby. In such cases the boundary extends to the irregular natural object which is meandered by the straight courses. (See *Woods Appeal*, 63 Pa. St. 221; 1 Jones on Real Property, sec. 491.)

The judgment and order denying a new trial are affirmed.