## LEADBETTER v. GLAISYER.
### No. 6209.

Circuit Court of Appeals, Ninth Circuit.
Nov. 3, 1930.

Fletcher Rockwood, Carey, Hart, Spencer & McCulloch, and E. L. McDougal, all of Portland, Or., for appellant.

Lord & Moulton, of Portland, Or., for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and NORCROSS, District Judge.

RUDKIN, Circuit Judge.

This was an action by a husband to recover damages arising from personal injuries sustained by his wife in a collision between his automobile and one driven by the defendant. The plaintiff had judgment below, and the defendant has appealed.

The wife of the appellee had already prosecuted an action against the appellant in one of the state courts of Oregon, to recover damages for personal injuries arising out of the same collision, and in her complaint in that action alleged, among other things, that she had been obliged to incur, and would be obliged to incur in the future, large obligations for medical treatment and care and attention. There was a recovery in that action and the judgment has been paid and satisfied.

On the present appeal two questions are presented for consideration: First, over objection and exception, the appellee was permitted to testify as to the speed of the automobile driven by the appellant at the time of the collision; second, the appellee was permitted to recover the expense of employing housekeepers to perform services theretofore performed by his injured wife, and it is contended that such recovery was unwarranted because the wife, in the former action, had already recovered the same items of expense.

The collision occurred at the intersection of South Liberty street and Miller street, in Salem, Or. The appellee was driving north on South Liberty and the appellant east on Miller. The appellee testified that he stopped his car about a block and a half from the intersection to discharge a passenger, and then proceeded toward the intersection at a speed of from eighteen to twenty miles per hour; that he observed the car driven by the appellant about 200 feet from the intersection, but it was so far away that he paid little attention to it and did not observe the rate of speed; that he then glanced to the right to see if any car was approaching from that direction, and there was none; that he proceeded to cross the intersection, and just as he had passed the center of Miller street there was a flash and he knew that the appellant's car was the car in front of him; that he could not see it, it was going so fast; that there was just a crash in front of him. He was then asked if he was able to give an estimate as to the speed of the

car driven by the appellant when it came into the intersection, and answered in the affirmative, and upon being asked to give his estimate of the speed, he testified, over objection, that it must have been forty miles per hour.

Any person of average intelligence, accustomed to observing moving objects, is able to express an opinion of some value as to the rate of speed of an automobile or other moving vehicle. Porter v. Buckley (C. C. A.) 147 F. 140. As said by Chief Justice Cooley, in Detroit & Milwaukee R. R. Co. v. Van Steinburg, 17 Mich. 104:

"The motion of the train was to be compared to the motion of any other moving thing, with a view to obtaining the judgment of the witness as to its velocity. No question of science was involved, beyond what would have been, had the passing object been a man or a horse. It was not, therefore, a question for experts. Any intelligent man who had been accustomed to observe moving objects, would be able to express an opinion of some value upon it, the first time he ever saw a train in motion. The opinion might not be so accurate and reliable as that of one who had been accustomed to observe, with time piece in hand, the motion of an object of such size and momentum; but this would only go to the weight of the testimony, and not to its admissibility. Any man possessing a knowledge of time and of distances would be competent to express an opinion upon the subject."

There are, of course, different ways in which the speed of an automobile may be estimated, such as by observing it as it passes along the street or highway, or by the time consumed in traveling a known distance, or by comparing its speed with the known speed of another automobile and the distance traveled by each in a given time. The appellant concedes this, but contends that where the estimate of speed is based solely on the time consumed in traveling a known distance, or by comparing the speed with the known speed of another car and the distance traveled by each in a given time, the witness may not testify as to the rate of speed, but only to the facts, leaving the inference to the jury. This view seems to find support in Mathieson v. Omaha St. Ry. Co., 3 Neb. (Unof.) 747,

97 N. W. 243. It seems to us that this is a very narrow view to take of the subject. Under such a rule a witness could not testify as to the speed of an automobile where he had actually timed it, if that was his only source of knowledge. In other words, he could not testify that the average speed of an automobile for a distance of a quarter of a mile was sixty miles per hour, even though he had actual knowledge that it traveled that distance in the space of fifteen seconds. In the present instance the appellee knew approximately the speed of his own car and approximately the distance traveled by him between the time he observed the approaching car, 200 feet away, and the time of the collision. This knowledge afforded some basis for an estimate of the average speed maintained by the appellant's car for the distance of 200 feet before reaching the intersection, and its average speed for that distance had some tendency to prove the rate of speed at the time of the collision.

As already stated, the wife, in her action in the state court, claimed damages for medical treatment and care and attention, and testimony was there offered tending to prove expenses incurred in the employment of servants who acted in the dual capacity of nurse and housekeeper. There is nothing in the record, by way of instructions or findings, to indicate just what was included in the judgment under the general designation of care and attention, and we agree with the court below that the language employed in the complaint was not broad enough to include expenses incurred for the hire of servants except such as gave their time and attention to the care of the wife. In her action she made no claim for damages for impairment of her earning capacity, and manifestly sought only to recover the expenses necessarily incurred in waiting upon her or in attending to her wants. Of course, the judgment recovered would estop the wife from claiming any further damages because of the injury, but it is not claimed that the judgment works an estoppel against the husband except in so far as there has been an actual recovery by the wife. The record failing to show that there was any such recovery, the judgment of the court below must be affirmed; and it is so ordered.