[L. A. No. 13637.   In Bank.—January 16, 1936.]

H. S. STILLWELL et al., Appellants, v. ANN G. JACKSON et al., Respondents.

Butcher & Haines, Norris Montgomery, J. F. Goux and Schauer, Ryon & Goux for Appellants.

Heaney, Price & Postel, A. C. Postel, John William Heaney and T. W. Haymond for Respondents.

CONREY, J.—This is an appeal by H. S. Stillwell, plaintiff, and by Marguerite Goux, Robert E. Goux, and Augustine Charles Goux, a minor, defendants and cross-complainants, whose interests are identical with those of said plaintiff, from a judgment of the Superior Court of Santa Barbara County.

As shown by the pleadings of plaintiff and of said cross-complainants, they seek to quiet title to a narrow strip of land, which is part of a sand beach fronting on the Pacific Ocean, as against defendants who own lands adjoining said described parcel, and who claim that the said lands owned by them include the parcel of which appellants assert ownership in themselves.

All of the lands in controversy, as well as the adjoining lots of respondents, were formerly included in a large tract owned by the town of Santa Barbara. In the year 1866 this tract was conveyed by the town, by one deed, to several grantees, who thereby became owners as tenants in common of the entire tract. Appellants derive their claims of title from certain of those tenants in common, or their successors. Respondents, with respect to their several lots, deraign title from one or another of said original grantees of the town of Santa Barbara.

In the year 1891, a certain action, *Coyle et al. v. Southern Pacific R. R. Co. et al.*, was begun in the superior court, for partition of all of the land conveyed by said deed of the town of Santa Barbara. In the course of time that action was tried, an interlocutory decree ascertaining the several undivided interests was duly entered, commissioners were appointed, surveys made, commissioners' report filed, and a final decree was entered. It is admitted herein that in all of the partition proceedings, including the interlocutory decree, the strip of land claimed by appellants herein was part of the land which was sought to be and was ordered to be parceled out in severalty. The asserted title of appellants depends wholly upon the soundness of their contention that the land described in the complaint in this action was omitted from the final decree of partition in said former action.

In the final decree of partition there are several recitals and declarations which prove the continuing intention of the court to partition ''the lands and premises mentioned in the complaint''. If there was any failure to include all of that land, such failure must be ascribed to some error in describing one or more of the parcels, so that the court did not accomplish the announced purpose and intention of the decree. It can be only through some such error that any of the parties could have retained, as tenants in common, their title to the land now in controversy.

So far as germane to this case, the parcels designated in the final decree and shown on the partition map, are lots 1, 2, 3, 5 and 6. Appellant Stillwell claims under succession to Frances L. Packard, who received lots 1, 3 and 6. The other appellants claim under succession of J. E. Goux, who received lot 5, and Antonio Schiappa Pietra, who received lot 2.

The property described in the complaint and in the interlocutory decree in the partition suit was further identified therein as "being Survey No. 274, made by Wm. N. Norway, City Surveyor". The commissioners, in aid of their work, employed one Harrington to survey the land and make a map illustrating their report. In their report the commissioners made part thereof the Harrington map, as being a map "showing all the lands which we have been commissioned by this court to subdivide and allot, and the subdivisions thereof as directed by your commissioners".

Appellants contend that this manifest purpose of the final decree was not accomplished because, as they claim, the lots were described by metes and bounds and by the use of terms which excluded the land now claimed by them. The description of lot 1 will serve as an example. It begins a a redwood post, "set for corner in the sandhills, and being the southwest corner of a tract of land belonging to M. Lewis, and also the west corner of the tract in controversy in this suit; thence along the top of sand hills. 1st. S. 42¼° E. 37.77 chains to a 4x4 redwood stake set out at the base of sand hills; thence, 2d; North 26.32 chains to a 4x4 redwood stake, set in fence on the south line of the strip of land heretofore allotted to the Southern Pacific Railroad Company"; thence by further courses and distances to the place of beginning.

The argument of appellants in support of their contention above stated is formulated in two propositions. These are, *first*, that a decree of partition is conclusive as to the extent and boundary of the land partitioned, and in the absence of any ambiguity in the decree the same cannot be extended or modified by judicial construction; and, *second*, that where a parcel of land is described by metes and bounds and the boundary line is fixed with reference to redwood posts and no mention is made of the ocean in front of the land, it cannot be said that said boundary line is a meander line.

Let it be assumed that the first proposition is a correct statement of the law. Then the second proposition presents the principal question offered for solution. This proposition implies and so concedes, that if in the final decree the ocean had been referred to in connection with the descriptive courses and distances which define the lines now the subject of controversy, then and in that case those lines reasonably might be

taken as meander lines. ■ For the purposes of such a decree, a "meander line" of description is a line drawn and used as a means of measuring and correctly locating the shore line. Presumably, in the absence of any other declared purpose, a meander line thus drawn would represent the line of ordinary high tide of the ocean (*DeWatson* v. *San Pedro etc. R. R. Co.,* 169 Cal. 520 [147 Pac. 140]). ■ But appellants claim that because the descriptions as written in the final decree do not show the existence of an adjacent Pacific Ocean, therefore the lines of description must be read without reference to such ocean, and that when so used they cannot be construed as meander lines, or lines representing the shore line. Whatever of plausibility we might find in this argument as applied solely and alone to the particular terms of description, is dissipated in the light of the character and intention of the decree as declared therein. When consideration is given to the entire record of that action, culminating in the declarations in the final decree itself, there remains no doubt that the lines of description on which the present controversy depends were meander lines representing the ordinary high water line of the Pacific Ocean. For the final decree refers to the report and partition as being "in accordance with the aforesaid interlocutory judgment"; and as being a proposed partition of "said lands" as required by the interlocutory decree. It was this report, thus described, which the final decree approved and confirmed. ■ The report, and the previous record, beginning with the complaint and including the interlocutory decree, in effect constitute one record, interlocked by references one to the other, and amply sufficient to show that the partitioned property and the several parcels thereof, ran to the line of ordinary high tide. It follows that the findings of the trial court on this issue are supported by the evidence. If we were at all in doubt about the interpretation of the instrument in question, and if there were any ambiguity to be dispelled by evidence *aliunde,* such evidence is found in the testimony of the witness Frank F. Flournoy, former county surveyor, who ran the lines of the Harrington survey and prepared the partition map.

In addition to the defense of respondents in relation to the issues hereinbefore discussed, they also pleaded that the right of action of appellants was barred by the provisions of

section 318 of the Code of Civil Procedure and also pleaded several other defenses, including the statute of limitations and the defense of laches on the part of appellants prior to commencement of this action. The trial court found in favor of respondents not only with reference to the effect of the partition decree but also on the additional defenses. Each and all of these findings of the trial court and its conclusions thereon are the subject of attack by appellants in their argument on this appeal. Since, by reason of the decision herein announced on the primary issues of the case we are satisfied that the claim of title on the part of appellants is without merit, it becomes unnecessary to discuss the questions raised with respect to said additional defenses.

The judgment is affirmed.

Seawell, J., Langdon, J., Curtis, J., Shenk, J., Thompson, J., and Waste, C. J., concurred.

Rehearing denied.