**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MATT STRONG,
*Plaintiff-Appellant*,

v.

VALDEZ FINE FOODS, DBA Peter
Piper Pizza #223; PETER PIPER, INC.,
DBA Peter Piper Pizza #223;
VESTAR CALIFORNIA XVII, LLC,
*Defendants-Appellees*.

No. 11-55265

D.C. No.
3:09-cv-01278-
MMA-JMA

OPINION

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted
February 15, 2013—Pasadena, California

Filed July 18, 2013

Before: Alex Kozinski, Chief Judge, Andrew J. Kleinfeld
and Barry G. Silverman, Circuit Judges.

Opinion by Chief Judge Kozinski;
Partial Concurrence and Partial Dissent by Judge
Silverman

# SUMMARY[*]

## Americans with Disabilities Act

The panel reversed the district court's summary judgment for the defendants in an action alleging unlawful discrimination under the Americans with Disabilities Act and related California disability laws.

The panel held that the district court erred in refusing to consider the plaintiff's evidence of barriers that he encountered at a restaurant. The panel held that the plaintiff's statements in his declaration, including statements regarding measurements, met the requirement of personal knowledge because the plaintiff stated that he was present as the measurements were taken and also related his personal experience with the barriers. The panel held that expert testimony was not necessary because no specialized or technical knowledge was required to understand the plaintiff's straightforward assertions.

The panel also held that the district court erred in requiring the plaintiff to prove that the removal of the barriers was readily achievable because there is no such requirement for barriers found in new construction.

Concurring in part and dissenting in part, Judge Silverman wrote that the declaration's repetition of the assertions of the expert who took the measurements was hearsay. Judge Silverman wrote that, by contrast, the

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

plaintiff's testimony about his own observations of signage and the configuration of the restaurant's restroom were sufficient to raise factual questions precluding summary judgment.

---

**COUNSEL**

Scottlynn J. Hubbard IV (argued), Lynn Hubbard III, Law Offices of Lynn Hubbard, Chico, California, for Plaintiff-Appellant.

Al Mohajerian (argued), Mohajerian, Inc., Los Angeles, California, for Defendants-Appellees.

---

**OPINION**

KOZINSKI, Chief Judge:

Perhaps we've become too expert-prone.

\*     \*     \*

Matt Strong, a C-5 quadriplegic, is a customer of Peter Piper Pizza, but not a pleased one. He claims that when he patronized the restaurant in El Cajon, California, he encountered barriers that prevented him from perambulating the place. Strong's suit alleges unlawful discrimination under the Americans with Disabilities Act (ADA) and related

California disability laws.[1]   But, in the course of pre-trial proceedings, Strong plowed into a palisade:  He missed the period for disclosing his expert.  Strong never moved for more time or offered a pretext for passing the deadline. Instead, he incorporated the expert's pronouncements into his own presentation and put forth the expert as a rebuttal expert.

The district court granted summary judgment for defendants, ruling that Strong lacked personal knowledge of the barriers he encountered and that his declaration was insufficient because he failed to "assert he is an ADA expert or is otherwise qualified to opine whether certain conditions constitute barriers within the meaning of the Act."

## Discussion

There is no dispute that Strong is disabled, that the restaurant is covered by the ADA or that the restaurant qualifies as new construction under 42 U.S.C. § 12183(a)(1).  The only question is whether any barriers interfered with Strong's ability "'to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations'" of the restaurant.[2]   *Chapman* v. *Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (en banc) (quoting 42 U.S.C. § 12182(b)(1)(A)(I)).

---

[1] The other counts allege violations under (1) California Civil Code § 54; (2) the Unruh Civil Rights Act, Cal. Civ. Code § 51; and (3) California Health & Safety Code § 19955 et seq.

[2] The state-law claims incorporate the ADA requirements.

Strong's declaration states as follows:

> The barriers that I encountered included, but are not limited to the following: (1) disabled parking spaces that have slopes that exceeding [sic] 2.0%; (2) access aisles next to those spaces that have slopes exceeding 2.0%; (3) no International Symbol of Accessibility ("ISA") on those spaces; (4) sidewalk slopes exceeding 2.0%; (5) no accessible seating designated for the disabled; (6) There is no accessible seating to [sic] the disabled; (7) no handle mounted below the lock of the water closet stall door; (8) insufficient clear floor space in front of the water closet; (9) pipes underneath the lavatory that were improperly and/or incompletely wrapped; and (10) insufficient strike side clearance when exiting the restroom.

The district court refused to consider Strong's evidence because it found that he didn't have personal knowledge. But the requirement of personal knowledge imposes only a "minimal" burden on a witness; if "reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible." *See* 1 *McCormick on Evidence* § 10 (Kenneth S. Broun, ed., 7th ed. rev. 2013). At summary judgment, the threshold is particularly low because all "justifiable inferences" must be drawn in favor of the nonmoving party. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). We've held, for example, that a plaintiff's verified complaint satisfies the personal knowledge requirement where the "allegations were not based purely on . . . belief." *Schroeder* v. *McDonald*,

55 F.3d 454, 460 (9th Cir. 1995); *see also Columbia Pictures Indus., Inc.* v. *Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991) (declaration *not* sufficient because "not based on personal knowledge, but on information and belief").

Here, Strong states under penalty of perjury that these were "[t]he barriers that I encountered." If believed by the trier of fact, this would certainly be sufficient to support a finding of personal knowledge. Though Strong could not himself handle the instruments used to make measurements, he was "present" while the measuring took place and knew which tools were used:

> While I am not able to take measurements myself, I was present while another individual took measurements and photographs of the barriers present at the subject restaurant. That individual brought a gauge to measure door pressure, a measuring stick, a stop watch, and a Smart Tool device that measures slopes so that precise measurements of all the barriers could be taken.

The dissent's hearsay concerns are misplaced. Dissent at 12–13. While some of what Strong says may be hearsay, much purports to reflect his own observations as his companion measured the barriers in his presence. That another person holds the ruler does not deprive an observer of personal knowledge of the measurement, and Strong says he was present as the measurements were taken. *See Fraser* v. *Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003) ("The contents of the diary are mere recitations of events within Fraser's personal knowledge and, depending on the circumstances,

could be admitted into evidence at trial in a variety of ways.").

Even without precise measurements, Strong could support his case based on his own personal experience with the barriers. He states in a sworn declaration that, on five separate occasions, he encountered parking spaces, access aisles and sidewalks with slopes exceeding 2.0%. It was only after he experienced these obstacles that Strong sought assistance in measuring them, which he did to "document and verify those barriers." These measurements confirmed what Strong had already discovered through his personal observations: Peter Piper Pizza was not "readily accessible" to a person in a wheelchair. Under *Anderson* v. *Liberty Lobby*, Strong's declaration suffices to show personal knowledge for purposes of parrying defendants' push for summary judgment. He would no doubt present a more powerful case at trial if he could proffer evidence of precise measurements, but his personal observations, based on his prolonged experience with ADA-compliant (and non-compliant) access ramps, are enough to propel him past summary judgment.

The dissent argues that Strong is entitled to go to trial only on the claims that are based on "testimony about his own observations of the signage and the configuration of the restroom," but not on those that are "dependent" on the measurements taken in Strong's presence. Dissent at 13. But which claims are "dependent" on such measurements? The dissent doesn't say, nor can it. The ten allegations we cite on page 5 don't rely on these precise measurements. Dissent at 11. To prevail on them, Strong need only show that the slopes exceed 2.0%, not prove up a precise measurement.

Given that so many public accommodations *do* comply with the ADA, it's likely that someone like Strong, who daily navigates the world in a wheelchair, would be attuned to variations in the slope and spacing of his environment. Even without tools, Strong could say, based on his experience, that the slope exceeds the maximum of 2.0% or that there's "insufficient clear floor space in front of the water closet," just as a man in a wheelchair who struggles to get out of his car can say that the width of the access aisle next to his handicap parking spot is less than the required five feet. ADA Accessibility Guidelines for Buildings and Facilities § 4.6.3 fig. 9. The trier of fact may discount such personal observations, but the weight of the evidence is an issue for trial, not summary judgment.

It's commonly understood that lay witnesses may estimate size, weight, distance, speed and time even when those quantities could be measured precisely. *See* 7 John Henry Wigmore, *Evidence in Trials at Common Law* § 1977 (James H. Chadbourn ed., rev. ed. 1978); *see also Leadbetter* v. *Glaisyer*, 44 F.2d 350 (9th Cir. 1930) ("Any person of average intelligence, accustomed to observing moving objects, is able to express an opinion of some value as to the rate of speed of an automobile or other moving vehicle. . . . The opinion might not be so accurate and reliable as that of one who had been accustomed to observe, with time piece in hand, the motion of an object of such size and momentum; but this would only go to the weight of the testimony, and not to its admissibility." (internal quotation marks omitted)); *Nelson* v. *City of Davis*, 685 F.3d 867, 874, 881, 882 (9th Cir. 2012) (estimating distance); *Young* v. *Illinois Cent. Gulf R.R.*, 618 F.2d 332, 337 (5th Cir. 1980) (abuse of discretion not to allow lay witness estimates of width of rail crossing).

In light of this caselaw, we cannot read *Doran* v. *7-Eleven, Inc.*, 524 F.3d 1034, 1048 (9th Cir. 2008), as prohibiting any and all claims based on personal observation in ADA cases; there can be no separate rules of evidence applicable to a single statute. Rather, we read *Doran* as rejecting plaintiff's testimony as insufficiently probative of the width of the aisles. Plaintiff could, after all, have scraped his knuckles on the side of an ADA-compliant aisle when he drove his wheelchair too close to one side or the other.

The district court also ruled Strong's evidence insufficient because Strong "does not assert he is an ADA expert or is otherwise qualified to opine whether certain conditions constitute barriers within the meaning of the Act." But these are not the kind of facts for which expert testimony is necessary. The Federal Rules of Evidence permit an expert to provide his opinion if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). "If the matter testified to is within the knowledge of jurors," we've held expert testimony is not appropriate. *United States* v. *Christophe*, 833 F.2d 1296, 1299 (9th Cir. 1987).

The ADA was enacted as a boon to disabled people, not expert witnesses. Specialized or technical knowledge is not required to understand Strong's straightforward assertions. A jury is perfectly capable of understanding that there is "no handle mounted below the lock of the water closet stall door" or that the slope of the sidewalk exceeds 2.0%. And an expert witness is not permitted, much less required, to instruct the jury on the law of ADA compliance. *See, e.g.*, *United States* v. *Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993) ("It is well settled . . . that the judge instructs the jury in the

law. . . . The court's admission of expert testimony on contested issues of law in lieu of instructing the jury was manifestly erroneous.").

The district court further erred by penalizing Strong for not providing proof that "the removal of the barriers is readily achievable." The "readily achievable" standard applies only to buildings constructed *prior* to January 26, 1993. *Compare* 42 U.S.C. § 12182(b)(2)(A)(iv) *with* 42 U.S.C. § 12183(a); *see also Long* v. *Coast Resorts, Inc.*, 267 F.3d 918, 923 (9th Cir. 2001). The district court recognized—and the parties do not dispute—that the restaurant qualified as new construction. The ADA requires that new construction be "'readily accessible to and usable by individuals with disabilities.'" *Antoninetti* v. *Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1171 (9th Cir. 2010) (quoting 42 U.S.C. § 12183(a)(1)). There's no requirement that removal of barriers found in new construction be "readily achievable." New construction should have been built to ADA standards unless Peter Piper Pizza can prove that "it [was] structurally impracticable to meet the requirements." 42 U.S.C. § 12183(a)(1); *Long*, 267 F.3d at 923.

## Conclusion

The district court abused its discretion in discounting Strong's evidence as lacking personal knowledge and constituting improper expert testimony. And it erred in requiring a showing that removal of any barriers was "readily achievable."

**REVERSED and REMANDED for trial.**

SILVERMAN, Circuit Judge, concurring in part and dissenting in part:

Strong, having had his expert precluded for lack of timely disclosure, unabashedly sought to get his expert's observations into evidence by way of another route. Strong's declaration says:

> I made a mental list of the barriers I encountered, relying on my photographic memory to assist me in remembering those barriers. While I am not able to take measurements myself, I was present while another individual took measurements and photographs of the barriers present at the subject restaurant. That individual brought a gauge to measure door pressure, a measuring stick, a stop watch, and a Smart Tool device that measures slopes so that precise measurements of all the barriers could be taken.

Strong then states that he "reviewed the report of Reed Settles entitled, 'Rebuttal Comments to Heller Review of Facility,' dated April 24, 2010, and have learned from said report that [various architectural] barriers continue to exist at the subject restaurant" such as that "[t]he cross slope of the curb cut ramp varies in slope from 2.1% to 2.7% making it difficult for me to travel up the ramp" and that "[t]he landing at the top of the curb cut ramp slopes 3.1%, making it difficult for me to use the landing at the top of the curb cut ramp." Strong's declaration also recites other exact measurements taken from Settles's report.

This is important because in a case claiming a failure to comply with the detailed measurements prescribed by the ADA Accessibility Guidelines, exact measurements are required. *See Doran v. 7-Eleven*, 524 F.3d 1034, 1048 (9th Cir. 2008). ("Doran bears the burden of showing a violation of the ADA Accessibility Guidelines, the substantive standard of ADA compliance. [citation omitted] That Doran scraped his knuckles, unsupported by any measurements, is insufficient to demonstrate that 7-Eleven's aisles do not comply with the thirty-six-inch clearance that the Accessibility Guidelines mandate.")

As the majority notes, it is possible for two people to take measurements together and thus, for both to have personal knowledge of what is observed, but tellingly, that is not what Strong's declaration says occurred. It is also possible that the other individual called out the measurements as they were taken (arguably a statement of "present sense impression"), but that is not what Strong says occurred, either. Strong says only that he was "present" when someone else took the measurements, and that he read Settles's report. Stuck with the declaration we actually have – and not the one we may wish we had – we are left with the out-of-court assertions of the individual who actually took the measurements, as retold by Strong, to prove the truth of the matter asserted.

The problem is not that "we've become too expert-prone," as the majority quips. The problem is that Strong is simply repeating what the declarant communicated to him – classic hearsay whether the declarant is an expert or not. And it is no less hearsay just because Strong was "present" when the other person saw what he purported to observe. Strong's presence entitles him to testify to what *he* saw, not to what the other individual saw. A declaration in support of or in

opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Rule 56(c)(4), Federal Rules of Civil Procedure.

This inadmissible hearsay stands in contrast to Strong's testimony about his own observations of the signage and the configuration of the restroom, first-hand perceptions that I agree are sufficient to raise factual questions precluding summary judgment. I would allow those claims to go forward, but not the claims dependent on the observations of the absent declarant.